TYACK, J., dissenting
 

 {¶ 124} I would find that repeated prosecutorial error damaged the integrity of the factfinding in the trial. I would therefore vacate the conviction for murder and remand the case for a new trial.
 

 {¶ 125} Joseph T. Shine-Johnson was summoned home by his father. Shine-Johnson went home. His complying with his father's demand had nothing to do with any duty to retreat or any duty to avoid injuries. The State of Ohio had simply no legal basis for arguing otherwise. A person who is summoned home by a parent has a right to go home, even if the person summoned fears that bad things could happen once the person arrives home. The prosecution's assertion otherwise had and has simply no merit.
 

 {¶ 126} Further, a person has no duty to retreat from the place where the person is living. Ohio law is crystal clear on that point. The issue of self-defense should have been litigated free of the improper argument by the State of Ohio that Shine-Johnson had to retreat from his residence rather than confront his irate father, who had summoned him home. The argument that Shine-Johnson was more likely to be culpable because he did what his father demanded and went home conflicts with common sense and Ohio law.
 

 {¶ 127} Prosecuting attorneys are supposed to seek justice, not seek convictions any way they can get them. That did not happen here. The conviction for murder in particular was tainted and therefore should be vacated. The case should be tried again, this time free of improper assertions and arguments on the issue of self-defense.